# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD WISE, RICHARD REITTER JOSHUA MALONEY, and STEPHEN DUBE,** | : : : | **CIVIL ACTION NO. 1:10-CV-2094** |
| Plaintiffs | : : | (Judge Conner) |
| v. | : : | |
| **HAYLEY WILLIAMS, JOSH FARRO, TAYLOR YORK, JEREMY DAVIS, ZAC FARRO, FUELED BY RAMEN, WARNER MUSIC GROUP, ATLANTIC RECORDS,** | : : : : : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 15th day of June, 2011, upon consideration of the Report and Recommendation of United States Magistrate Judge Mildred E. Methvin (Doc. 27), recommending that defendants' motion to dismiss (Doc. 14) for lack of personal jurisdiction and for improper venue be denied, and defendants' motion to transfer to the Middle District of Tennessee (Doc. 14) be granted, and, following an independent review of the record, it appearing that neither party has objected to the magistrate judge's

report and recommendation, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The Report and Recommendation of Magistrate Judge Methvin (Doc. 27) are ADOPTED.

2. Defendants' motion to dismiss (Doc. 14) for lack of personal jurisdiction and for improper venue is DENIED.

3. Defendants' motion to transfer this case to the Middle District of Tennessee (Doc. 14) is GRANTED.

4. The Clerk of Court is directed to TRANSFER this matter to the Middle District of Tennessee and to CLOSE this matter.

                                        S/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.