IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD WISE, et al., | ) |
| Plaintiffs, | ) 3:11-cv-00572 |
| | ) Judge Nixon |
| v. | ) Magistrate Judge Brown |
| | ) |
| HAYLEY WILLIAMS, et al., | ) JURY DEMAND |
| Defendants. | ) |

## ORDER

Plaintiffs have filed a Notice of Dismissal, voluntarily dismissing the above-captioned case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Doc. No. 69.) Defendants subsequently filed an Objection to the Notice of Dismissal, arguing that dismissal under Rule 41(a)(1) is inappropriate because they have filed an Answer in this case and because they have not stipulated to dismissal. (Doc. No. 70 at 1.) Accordingly, Defendants assert that dismissal can only be accomplished via an order from the Court pursuant to Rule 41(a)(2), which states that the dismissal must be "on terms that the court considers proper." (*Id.*)

With respect to such "terms," "Defendants submit that Plaintiffs are responsible to Defendants for attorney's fees and costs pursuant to Rule 30(g) for failure to attend and proceed with certain scheduled depositions." (*Id.* at 1-2.) Defendants, therefore, request that the issue of fees and costs "be addressed before any order of dismissal is entered," and state that, should the Court order dismissal of this case, the order should be made on the terms that "Defendants reserve all rights to pursue their attorney's fees and costs as prevailing parties under the Copyright Act." (*Id.* at 2.) Plaintiffs have filed a Response to the Objection, asserting that dismissal under Rule 41(a)(1)(A)(i) is appropriate because Defendants have not filed a motion

1

for summary judgment and because Defendants have failed to file an Answer to Plaintiffs' Amended Complaint. (Doc. No. 71.)

The Court finds a case from the Southern District of Iowa, *Quick v. EMCO Enterprises, Inc.*, 251 F.R.D. 371 (S.D. Iowa 2008), to be instructive as to the present dispute. In that case, the plaintiff similarly sought dismissal under Rule 41(a)(1)(A)(i) after the defendants had filed an answer to the plaintiff's original complaint, but not to the plaintiff's subsequently-filed amended complaint. *Id.* at 373. The court held that the plaintiff "lost his ability to voluntarily dismiss his claim as a matter of right under Rule 41(a)(1) when [the d]efendants filed an answer to [the plaintiff's] original petition." *Id.* at 374. In doing so, the court cited to a decision from the Fourth Circuit that explained the purpose of Rule 41(a)(1). The Rule:

> "is designed to permit a disengagement of the parties at the behest of the plaintiff only in the early stages of a suit, before the defendant expended time and effort in the preparation of his case. Once the defendant has filed an answer or a motion for summary judgment, which normally is marked by extensive preparation, granting dismissal without prejudice becomes discretionary with the court."

*Id.* at 373 (quoting *Armstrong v. The Frostie Co.*, 453 F.2d 914, 916 (4th Cir. 1971)).

On these grounds, the Court believes that dismissal pursuant to Rule 41(a)(1)(A)(i) is inappropriate. While Plaintiffs are correct that Defendants have not filed an Answer to their Amended Complaint, which was filed on August 15, 2011 (Doc. No. 55), Defendants did file an Answer to the original Complaint (Doc. No. 45). Moreover, this case was originally filed on October 8, 2010 (Doc. No. 1), and Defendants have already "expended time and effort" in this litigation, as they filed a motion to dismiss for lack of jurisdiction in the Middle District of Pennsylvania (Doc. No. 14), which was denied in favor of a transfer to this District in June of 2011 (Doc. No. 28), and a motion for judgment on the pleadings (Doc. No. 46), which the Court

granted in October of 2011 (Doc. No. 60). In light of this background, the Court does not find that dismissal pursuant to Rule 41(a)(1)(A)(i) would be appropriate.

As noted by Defendants, the Court retains the power to dismiss the case via a court order under Rule 41(a)(2). However, because Plaintiffs have not specifically responded to Defendants' statement that any dismissal should address the issue of attorney's fees and costs, the Court does not believe that sua sponte dismissal pursuant to Rule 41(a)(2) is appropriate at this time.

Should Plaintiffs still seek dismissal of this case, they should file a stipulation in accordance with Rule 41(a)(1)(A)(ii), or a motion for an order dismissing the case pursuant to Rule 41(a)(2), in which they should address the issue of attorney's fees and costs. In the event Plaintiffs choose the latter option, Defendants will have the opportunity to file a response within fourteen days of Plaintiffs' filing.

It is so ORDERED.

Entered this ___21st___ day of March, 2012.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT