IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| RICHARD WISE, et al., | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | No. 3:11-cv-00572 |
| | ) | Judge Nixon |
| v. | ) | Magistrate Judge Brown |
| | ) | |
| HAYLEY WILLIAMS, et al., | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Plaintiffs Richard Wise, Richard Reitter, Joshua Maloney, and Stephen Dube's Motion for Order Dismissing Case Pursuant to Federal Rule of Civil Procedure 41(a)(2) ("Motion to Dismiss") (Doc. No. 73), filed along with a supporting Memorandum (Doc. No. 74). Defendants Hayley Williams, Josh Farro, Taylor York, Jeremy Davis, Zac Farro, Fueled by Ramen, Warner Music Group, and Atlantic Records have filed a Response in Opposition (Doc. No. 75), accompanied by a Declaration of Jay S. Bowen, counsel for Defendants (Doc. No. 76), to which Plaintiffs have filed a Reply (Doc. No. 82). Defendants have also filed a Motion for Expenses Incurred by Plaintiffs' Failure to Attend a Deposition Pursuant to F.R.C.P. 30(g) ("Motion for Expenses") (Doc. No. 77), accompanied by a Memorandum in Support (Doc. No. 78). Plaintiffs have filed a Response in Opposition to Defendants' Motion for Expenses. (Doc. No. 83.)

For the reasons given herein, Plaintiffs' Motion to Dismiss is **GRANTED**. Additionally, the Court hereby **REFERS** Defendants' Motion for Expenses to Magistrate Judge Brown for a Report and Recommendation.

1

## I. BACKGROUND

This case concerns Defendants' alleged infringement of a musical work composed by Plaintiffs, all members of the band Tenspoke Indies.[1] Plaintiffs filed suit in the Middle District of Pennsylvania on October 8, 2010 (Doc. No. 1), and the case was transferred to this District on June 15, 2011 (Doc. No. 29). On March 20, 2012, Plaintiffs filed a Notice of Voluntary Dismissal. (Doc. No. 69.) Finding that dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) would be inappropriate, the Court directed Plaintiffs to either file a stipulation pursuant to Rule 41(a)(1)(A)(ii) or a motion pursuant to Rule 41(a)(2). (Doc. No. 72.)

On April 11, 2012, Plaintiffs filed their Motion to Dismiss (Doc. No. 73), accompanied by a supporting Memorandum (Doc. No. 74). On April 25, 2012, Defendants filed a Response to the Motion to Dismiss (Doc. No. 75), accompanied by the Declaration of Jay S. Bowen (Doc. No. 76), as well as their Motion for Expenses (Doc. No. 77), which was accompanied by a Memorandum in Support (Doc. No. 78). On May 9, 2012, Plaintiffs filed a Reply in further support of their Motion to Dismiss (Doc. No. 82) as well as a Response to Defendants' Motion for Expenses (Doc. No. 83).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 41(a)(2), when an answer or a motion for summary judgment has been served, and not all of the parties who have appeared stipulate to a dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly*

---

[1] A more detailed factual background of this case can be found in the Court's Order on Defendants' Motion for Judgment on the Pleadings. (Doc. No. 60 at 1-4.)

2

*& Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)). In general, "an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)).

Accordingly, a dismissal pursuant to Rule 41(a)(2) may be conditioned on whatever terms the court deems necessary to offset the prejudice that the defendant may suffer from a dismissal without prejudice. *See Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 954 (6th Cir. 2009). In determining whether a defendant would be prejudiced by such a dismissal, a court should consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover*, 33 F.3d at 718 (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)). In light of the discretion afforded to a court weighing a motion under Rule 41(a)(2), these factors are meant to serve as a guide, and it is not required that all of the "factors be resolved in favor of the moving party." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007) (per curiam) (citing *Kovalic*, 855 F.2d at 474).

### III. ANALYSIS

Plaintiffs move to dismiss this case without prejudice and without curative conditions. (Doc. No. 74 at 14.) Turning to the *Grover* factors, Plaintiffs first contend that Defendants have not expended considerable effort or expense to prepare for trial, as this case is in its early stages, with discovery having only meaningfully commenced in January of 2012. (*Id.*) Additionally, to

3

the extent that Defendants may have incurred costs during this short period, Plaintiffs assert that Magistrate Judge Brown has previously ruled that the parties must bear their own costs, and that Defendants could have avoided costs by agreeing to Plaintiffs' proposed cost-saving measures, including conducting depositions of expert witnesses by telephone or Skype. (*Id.* at 14-15.)

Second, Plaintiffs argue that they have not exhibited excessive delay or lack of diligence in prosecuting this case. (*Id.* at 15.) Plaintiffs assert that they instituted this lawsuit promptly after Defendants released their allegedly infringing song, they retained a credible expert shortly thereafter, and they adhered to all deadlines imposed by the Court and the Federal Rules. (*Id.*) Additionally, Plaintiffs contend that they sought a voluntary dismissal immediately after they discovered an email that appeared to show that Steve Robertson, Vice President of A&R for Defendant Atlantic Records, played no part in the creation of "The Only Exception," calling into question the "access" element of their copyright infringement claim. (*Id.*) By contrast, Plaintiffs argue that Defendants have failed to exhibit the same diligence and timeliness in litigating this case, as they failed to identify several pertinent communications during the parties' initial disclosures, refused to provide dates for depositions, and produced responses to Plaintiffs' first set of interrogatories and requests for production more than a week after the specified deadline, on the eve of the first scheduled depositions of Defendants. (*Id.* at 16.) Plaintiffs assert that, had Defendants produced the requested documents as a part of their initial disclosures, Plaintiffs would have likely sought a voluntary dismissal earlier in the course of this case. (*Id.*)

Third, Plaintiffs argue that they have proffered a sufficient explanation for their need to dismiss this case: they obtained a document during discovery that has raised doubts about the "access" element of their copyright infringement claim. (*Id.*) Plaintiffs state that they are concerned that, in light of this document, the Court might later find that they proceeded in bad

4

faith. (*Id.*) Plaintiffs assert that they continue to believe in the merits of their claim, but due to limited resources, they cannot risk proceeding with this case. (*Id.* at 16-17.) As a final matter, Plaintiffs note that Defendants have not filed a summary judgment motion, thus militating against a finding of prejudice. (*Id.* at 17.) Accordingly, Plaintiffs contend that the Court should dismiss the case without prejudice and without curative conditions. (*Id.*)

In their Response, Defendants request that Plaintiffs' Motion to Dismiss be granted only on the condition that the case is dismissed with prejudice, thus allowing Defendants to seek fees and costs as a prevailing party under the Copyright Act. (Doc. No. 75 at 15.) First, Defendants argue that, contrary to Plaintiffs' assertions, they have expended considerable effort and expense in defending against Plaintiffs' claims of infringement. (*Id.* at 16.) Defendants note that they successfully moved for a transfer of venue from the Middle District of Pennsylvania to this District, prevailed on a Motion for Judgment on the Pleadings regarding Plaintiffs' conspiracy to commit copyright infringement claim, served and responded to written discovery requests, and prepared for depositions that were cancelled by Plaintiffs at the last minute. (*Id.* at 17.)

Second, Defendants argue that Plaintiffs have not put forth a legitimate explanation for seeking a dismissal, as Defendants had repeatedly stated, including via sworn testimony, that Mr. Robertson played no role in the creation of "The Only Exception." (*Id.*) Additionally, Defendants call into question Plaintiffs' claim that they cannot bear the risk of proceeding with this litigation, noting that, prior to filing suit, counsel for Plaintiffs stated that Plaintiffs were "extremely reasonable" and understood the risks of litigating this case. (*Id.* at 17-18.)

Third, Defendants contend that Plaintiffs have failed to exercise reasonable diligence in litigating this case. Defendants again cite to their repeated assertions that Mr. Robertson played no role in the creation of "The Only Exception," and thus Plaintiffs' claim of surprise upon

5

receiving certain documents indicating as much during discovery "evidences a complete lack of diligence." (*Id.* at 18.) Defendants also question the credibility of Plaintiffs' proffered expert on the grounds that the expert's report is based on an analysis of factors that are irrelevant for the purposes of showing infringement under the Copyright Act. (*Id.* at 18-20.)

Lastly, with respect to a lack of motion for summary judgment, Defendants argue that this factor should not weigh in Plaintiffs' favor. Defendants note that Plaintiffs unilaterally cancelled several depositions, including those of Plaintiffs and several Defendants, on the eve of the scheduled date. (*Id.* at 21.) Thus, Defendants assert that "Plaintiffs should not be rewarded for their tactics in preventing Defendants from filing a motion for summary judgment after having expended considerable effort and expense to reach that stage of litigation." (*Id.*)

In the event that the Court grants Plaintiffs a dismissal without prejudice, Defendants request that the Court require Plaintiffs to pay fees and costs incurred by Defendants as a condition of Plaintiffs' re-filing any claims against Defendants. (*Id.*) Specifically, Defendants request that Defendants pay certain costs and fees related to the cancelled depositions in accordance with Rule 30(g) (*id.* at 22), a request Defendants have also made via a separate Motion for Expenses (Doc. No. 77). Defendants also seek to recover from Plaintiffs the other costs and fees that Defendants have incurred in this action, including, at a minimum, all litigation costs associated with the case. (Doc. No. 75 at 22-23.)

In their Reply, Plaintiffs reassert that the Court should dismiss the case without prejudice and without curative conditions, as "dismissal with prejudice is an 'extreme sanction' which is only properly imposed when a party engages in a clear pattern of delay or willful contempt and lesser sanctions would not suffice – neither of which are present here." (Doc. No. 82 at 2 (quoting *Dinardo v. Palm Beach Cnty. Circuit Court Judge*, 199 F. App'x 731, 736 (11th Cir.

2006)).) As to the *Grover* factors, Plaintiffs first reassert that Defendants have not incurred substantial costs in litigating this case, arguing that they "did not erroneously file this lawsuit" in Pennsylvania and thus "Defendants were not forced to transfer" this case, but instead "chose to do so voluntarily." (*Id.* at 4.) Regarding the other factors, Plaintiffs reiterate many of the same arguments they raised in their initial brief. (*Id.* at 5-9.)

The Court finds merit in both Plaintiffs' and Defendants' arguments. While it is relatively early in the course of litigation, in that the parties commenced discovery only a few months ago, Defendants have certainly already incurred some costs in this litigation, including preparing their successful motion to transfer venue and their Motion for Judgment on the Pleadings, in addition to the discovery that has already been conducted. Moreover, although the documents that undermined Plaintiffs' claim should not have been a total surprise to them, given Defendants' repeated assertions that Mr. Robertson played no role in the creation of "The Only Exception" in previous filings, the Court cannot conclude that Plaintiffs have exhibited "excessive delay" or a "lack of diligence" in prosecuting this case. *Grover*, 33 F.3d at 718 (citing *Kovalic*, 855 F.2d at 474). Additionally, the Court finds that Plaintiffs have proffered a sufficient explanation for seeking a dismissal, particularly since it appears that Plaintiffs sought such a dismissal immediately after receiving the documents that they deemed significant enough to call into question the "access" element of their copyright claim. Beyond this, the Court is reluctant to delve into the thinking, strategies, and litigation decisions made by Plaintiffs in choosing to seek a dismissal at this point in time.

Finally, there has been no motion for summary judgment filed by Defendants. The Court is not persuaded by Defendants' arguments that this factor should not count in Plaintiffs' favor because Plaintiffs prevented Defendants from filing such a motion in the first place due to the

7

cancellation of depositions. Rather than serving as a mere technical consideration of whether a certain type of motion has been filed, the Court understands this factor to encompass some of the considerations embodied by the three other *Grover* factors—namely, the cost and effort that comes along with depositions and other discovery that would serve as the basis for a summary judgment motion, as well as the preparation involved in consolidating such evidence and drafting the summary judgment motion itself. For that reason, the Court finds that this factor should weigh in favor of Plaintiffs.

In light of the above discussion, the Court finds that dismissal without prejudice is the best resolution for the following reasons. While recent developments in this case may undermine Plaintiffs' copyright claim, the Court is reluctant to entirely foreclose Plaintiffs' ability to seek a remedy for what may, in the end, be a viable claim. Another particular concern of the Court is Defendants' statement that they desire a dismissal with prejudice on the basis that such a result would allow them to seek fees and costs as a prevailing party under the Copyright Act. While the Court is unsure that Defendants would be successful in such efforts[2], the Court hesitates to allow Defendants to be considered the prevailing party when this case is still in the early stages of litigation, Defendants have not succeeded on a dispositive motion such as a motion to dismiss or for summary judgment, and dismissal was sought voluntarily by Plaintiffs.

---

[2] Pursuant to 17 U.S.C. § 505, a court has discretion to "award a reasonable attorney's fee to the prevailing party" in a copyright action. The term "prevailing party" appears in many federal statutes, and has been defined by the Supreme Court to mean a "party in whose favor a judgment is rendered, regardless of the amount of damages awarded," or "one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (citations omitted). Though *Buckhannon* concerned the Fair Housing Amendments Act of 1988 and the Americans with Disabilities Act, the Supreme Court implied that the definition would similarly apply to other federal statutes using "prevailing party" language. *Id.* at 600-01. In determining whether to award fees to a "prevailing party" in a copyright infringement case, courts should consider "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 893-94 (6th Cir. 2004) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). These factors are non-exclusive and they need not all weigh in favor of the prevailing party. *Id.* at 894. In light of the relatively limited development of this case so far, and the manner in which Plaintiffs' claims are being resolved, the Court is unsure that Defendants would qualify as a "prevailing party," let alone that they would be awarded a fee as one under the Copyright Act.

Nevertheless, the Court finds merit in Defendants' arguments regarding the costs they have incurred and the efforts they have expended so far in this case. As such, the Court finds that awarding Defendants some costs in accordance with their Motion for Expenses may be a way to address some of these concerns, without entirely prejudicing Plaintiffs' ability to pursue claims in the future. However, as Magistrate Judge Brown has greater familiarity than the Court with discovery in this case, including resolving a dispute over where and how to conduct depositions (*see* Doc. No. 65), the Court believes that he would be better able to address Defendants' Motion for Expenses. As a result, Plaintiffs' Motion is **GRANTED**, and the Court hereby **REFERS** Defendants' Motion for Expenses to Magistrate Judge Brown for a Report and Recommendation.

### IV. CONCLUSION

For the reasons given above, Plaintiffs' Motion to Dismiss is **GRANTED**. This case is therefore **DISMISSED without prejudice**. Additionally, the Court hereby **REFERS** Defendants' Motion for Expenses to Magistrate Judge Brown for a Report and Recommendation.

It is so ORDERED.

Entered this the ___1st_____ day of May, 2012.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT