```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF TENNESSEE
                   NASHVILLE DIVISION
```

RICHARD WISE, *et al.*,       )
                              )
    Plaintiffs            )
                              )       Case 3:11-0572
v.                            )       Judge Nixon/Brown
                              )       **Jury Demand**
HAYLEY WILLIAMS, *et al.*,    )
                              )
    Defendants            )

**TO:   THE HONORABLE JOHN T. NIXON**

### REPORT AND RECOMMENDATION

Presently pending is the Defendants' motion for expenses incurred by Plaintiffs' failure to attend a deposition pursuant to Fed. R. Civ. P. § 30(g) (Docket Entry 77). This motion was briefed by the parties (Docket Entries 78 and 83). After reviewing the submissions the Magistrate Judge entered an order (Docket Entry 87) requesting the parties to respond to certain questions, and for the Defendants to submit a claim for a sum certain, and for the Plaintiffs to respond.

The Defendants subsequently filed their response and a request for attorneys' fees in the amount of $6,345, and expenses in the amount of $1,855.91, for a grand total of $8,200.91 (Docket Entry 92-1). The Plaintiffs have filed their prehearing submission objecting to any award of fees or expenses (Docket Entry 93). Oral argument on the motion was held on July 10, 2012, and a digital recording of the proceedings is available.

After consideration of the pleadings and oral argument the Magistrate Judge recommends that the amount request by defense as fees and expenses (Docket Entry 92-1) be GRANTED.

**DISCUSSION**

The Magistrate Judge, in previous conversations with the parties, discussed with them the possibility of taking the deposition either by video or some other means, but defense counsel declined to do so because of the documents involved. The Magistrate Judge advised the parties that each side would bear its own costs for the depositions in New York and Harrisburg, Pennsylvania (Docket Entry 65). However, the statements that each party would bear its own costs presupposed that the depositions would be carried out as scheduled.

In this case, it is the Magistrate Judge's view that the Plaintiffs in this matter canceled the deposition of the Defendants' witness, Mr. Robinson, in New York, and the scheduled depositions of their clients by the Defendants in Harrisburg, Pennsylvania without sufficient notice, thereby causing the Defendants the cost of traveling to New York and preparing for the deposition of Mr. Robinson on March 19, 2012, and further traveling from New York to Pennsylvania on March 20, 2012, in preparation for taking the deposition of various of the Plaintiffs on March 21st.

The Magistrate Judge believes that Fed. R. Civ. P. 30(g) covers this situation. This rule expressly provides that if a party expecting a deposition to be taken attends in person or by an

attorney may recover reasonable expenses for attending, including attorneys' fees if the noticing party fails to attend and proceed with the deposition.

In this case it is clear that Mr. Robinson and his counsel appeared in New York for his deposition and it was not taken by the Plaintiffs. Likewise, the Defendants had scheduled the deposition of the Plaintiffs in Pennsylvania and traveled there for the purpose of taking the depositions, and the Plaintiffs served notice that they would not attend the depositions after counsel had began his travels.

The Plaintiffs did not seriously challenge the amount of the fees allocated to Mr. Bowen and his associate as unreasonable, only whether they should be allowed. The Magistrate Judge finds that the fees themselves are well within the range of attorneys with similar experience in the Nashville area. Likewise, the Magistrate Judge finds the expenses for travel and lodging to be well within reason. In fact, counsel did not claim meals or taxi which many parties do claim.

The sole issue, in the Magistrate Judge's view, is whether the Plaintiffs have shown good cause for canceling the New York and Pennsylvania depositions. It is clear from the pleadings and from the argument that Mr. Bowen traveled to New York with his client on March 19, 2012, well before there was any indication that the deposition would not be taken.

The Magistrate Judge was initially concerned that five hours on March 19, 2012, was excessive, particularly inasmuch as it

3

was not specifically broken down as to how much dealt with the preparation of Mr. Robinson and other witnesses and how much was involved with research concerning the cancellation of depositions and nonsuit. During oral argument Mr. Bowen advised that only two-tenths of an hour was involved with the research regarding cancellation of the deposition and nonsuit. With this explanation the Magistrate Judge believes that the five hours is reasonable. Two nights at the hotel in New York likewise appears to be reasonable, as does the flight from Nashville to New York and from Pennsylvania to Nashville.

The Plaintiffs' efforts to cancel the deposition of Mr. Robinson and later the Harrisburg depositions were not as clear-cut. The chain of emails dealing with this are found in Docket Entry 76-1. The first email (Docket Entry 76-1, p. 1) on March 19th at 1:42 is certainly not an appropriate cancellation of the deposition. The Plaintiffs are still seeking some type of voluntary settlement from the Defendants. It is only in the 3:00 email (Docket Entry 76-1, p. 2) that the deposition of Mr. Robinson is canceled. Mr. Bowen explained that he was in preparation of the deposition and did not receive this email until he completed the preparation. He then attempted to call Mr. Shill, but because Mr. Shill was in a meeting was only able to leave a voice mail. At 4:13 Mr. Shill responded again that there was no deposition of Mr. Robinson and asked about the possibility of settlement.

At this point Mr. Bowen had already spent his time in preparation and he is entitled to fees and expenses for that time. Mr. Bowen did respond (Docket Entry 76-1, p. 3) at 4:44 that he still intended to take the depositions of the Plaintiffs in Pennsylvania scheduled for Wednesday, the 21st.

Still on the 19th at 5:01 (Docket Entry 76-1, p. 4), the Plaintiffs advised that their clients would take a (amount redacted) sum to resolve the issue and stated "In light of depositions please respond as soon as possible." This is not a cancellation of the deposition of the Plaintiffs. According to the time line, Mr. Bowen then sent an email to Mr. Shill at 5:40 stating that he does need to take the depositions of the Plaintiffs and Mr. Gadd as planned, and if the Plaintiffs made an offer he would discuss it with his clients.

This particular sequence of emails (Docket Entry 76-1, p. 4) is a little confusing since it actually appears the email stamped "5:40" was sent before the email stamped "5:01." Whether this was because of Nashville being on CDT and New York and Pennsylvania being on EDT is not clear. In any case, Mr. Bowen's email clearly states that despite any discussion of the cancellation of the deposition he would see them on Wednesday. The next email is shown as sent March 20, 2012, 8:52 from Mr. Shill to Mr. Bowen and succinctly says "When can we expect a response to our offer?" (Docket Entry 76-1, p. 5) Apparently, Mr. Shill makes another offer to settle with Mr. Bowen and states that the offer

5

remains open until noon.  The response by Mr. Bowen is unequivocal that his clients will not pay any money and that his orders are to proceed with the Pennsylvania depositions and that they could talk further on Wednesday.

Later, on March 20 at 1:13 p.m. there is an email from Mr. Shill to Mr. Bowen stating that they intend to ask Judge Nixon to accept their Rule 41 notice of dismissal and to grant a voluntary dismissal.  They advised that there is no longer a need for depositions in this case as their clients will not shoulder the risk any further.

In Docket Entry 76-1, p. 7, Mr. Bowen responded at 2:01 stating that they cannot nonsuit without permission of the Court and they expect Mr. Gadd to be there for his deposition as the Rule 41 notice to dismiss is ineffective absent court approval.

The last email (Docket Entry 76-1, p. 8) is from Mr. Shill to Mr. Bowen attaching a notice of voluntary dismissal and states it was filed that day with the court.[1]

Under the circumstances, the Magistrate Judge believes that particularly since the Plaintiffs were attempting to negotiate as late as noon on August 20th, Mr. Bowen was reasonable in making his travel to Pennsylvania, and his explanation that he used his

---

[1]The time of this email is difficult to ascertain.  The sent line shows Tuesday, March 20, 2012, 17:31:46 GMT+00+00.  New York is four hours behind Greenwich Mean time, so this could mean that the message was sent New York time at 13:31, or 1:31 p.m. If the 17:31 is actually New York time, then that would have been 5:31 p.m.  Why the email suddenly switched to showing GMT is unexplained and unknown to the Magistrate Judge.  Computers at times do strange things.

travel time and time when he arrived there to prepare to take the deposition scheduled, is not unreasonable. Having arrived at Harrisburg, once it became clear that the Plaintiffs would not appear, Mr. Bowen was obligated to spend the night and obviously return to Nashville.

Under the circumstances, the Magistrate Judge concludes that the Plaintiffs canceled the scheduled depositions of their clients too late to allow them to escape the costs for this activity. Had the Plaintiffs unequivocally stated that the case was dismissed on August 19th the Magistrate Judge would have disallowed the Pennsylvania expenses, other than air fare back to Nashville from New York. The fact that the Plaintiffs were attempting to negotiate a settlement from the Defendants at least through noon on August 20th negates the argument that the Defendants were imprudent in continuing to prepare and travel to Harrisburg.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the fees and expenses requested (Docket Entry 92-1) be **ALLOWED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections.

Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

    **ENTERED** this 22nd day of August, 2012.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge